IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEVEN GREGORY MILLER, # 72922                                                PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 5:15cv26-DCB-MTP

CONTRACT MANAGER LEE, DR. JAMES
BURKE, ASSOCIATE WARDEN
WALKER, WARDEN SHAW, CASE
MANAGER ARIRINGTON, M.T.C.,
LIEUTENANT BURGE, CAPTAIN
MCGARY, MARGIE BROWN, and
INVESTIGATOR JAMES                                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER DISMISSING MARGIE BROWN

This matter is before the Court, *sua sponte*, for consideration of partial dismissal. *Pro se* Plaintiff Steven Gregory Miller is incarcerated with the Mississippi Department of Corrections. He brings this action, pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Margie Brown is dismissed.

### BACKGROUND

On March 9, 2015, Plaintiff filed the instant action. He is currently housed at the Wilkinson County Correctional Facility ("WCCF"), a privately run prison owned by Defendant M.T.C., Management and Training Corporation. Since 2013, he has been housed in long term segregation, classified as a core member of a security threat group. Among others, Plaintiff sues Defendant Margie Brown, who is employed by M.T.C.

Plaintiff complains about his transfer to WCCF, alleged denial of medical care, conditions of his confinement, long term segregation, and alleged retaliation. As is relevant to

Brown, Plaintiff claims she retaliated against him because he had written a grievance complaining about the living conditions at the prison. In particular, Plaintiff says he accused Brown of bribing officials, so the prison could pass inspection. Plaintiff claims that she subsequently ordered Defendant Investigator James to speak to Plaintiff to find out what he needs.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Plaintiff brings claims under 42 U.S.C. § 1983, accusing Brown of retaliation. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2)

2

the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). An adverse act is one that is "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Here, Brown's alleged order for an investigator to see what Plaintiff wants investigating is not one that would be capable of deterring a person of ordinary firmness from exercising his rights. Plaintiff complained about various living conditions at the prison, and Brown ordered an investigator to ask Plaintiff what he wants or needs. This claim is frivolous and will be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, the claim against Defendant Margie Brown should be and is hereby dismissed with prejudice as frivolous. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The remainder of this case shall proceed.

So ordered and adjudged, this the 23rd day of July, 2015.

                                               s/David Bramlette
                                             UNITED STATES DISTRICT JUDGE